ON MOTION FOR REHEARING, REHEARING EN BANC AND/OR FOR CERTIFICATION

RAMIREZ, J.
We grant appellee Universal Medical Center of South Florida, Ine.’s motion for rehearing, withdraw this Court’s November 19, 2003 opinion and substitute the following in its place.[1]
State Farm Mutual Automobile, Ins. Co. appeals the entry of final judgment in favor of Universal underlying which is Universal’s suit against State Farm for services it rendered to a State Farm insured. In this Court’s November 19, 2003 opinion, we reversed the final judgment entered in Universal’s favor and concluded that the medical assistants were unauthorized to perform physical therapy and thus State Farm had no obligation to pay for their services.
Universal moved for rehearing, rehearing en banc and/or certification to the Florida Supreme Court. In support of Universal’s motions, a number of professional licensing boards filed a amicus curiae briefs on Universal’s behalf, including the Florida Chiropractic Association, Inc., Florida Medical Association, Inc., Florida Osteopathic Medical Association, Inc., Florida Podiatric Medical Association, Inc., and the Florida State Massage Therapy Association, Inc.
We have considered Universal’s motions, the amici curiae briefs filed on its behalf, State Farm’s response to Universal’s motions, as well as our previous decision. For the reasons that follow, we now hold that medical assistants are authorized to administer the physical modalities they performed for which State Farm is obligated to pay. This decision is consistent with legislative intent and the way in which physicians for the varying medical disciplines deliver health care and conduct their business in the State of Florida.
On August 28, 2000, Blanca Franco was injured in an automobile accident. State Farm was Franco’s automobile insurance carrier at the time of the accident and Universal is the health care provider that treated Franco for the injuries she sustained in the auto accident.
State Farm declined to pay for a number of services that Universal rendered to Franco from August 2000 to December *559 2000. Universal, as Franco’s assignee, subsequently sued State Farm seeking damages for State Farm’s failure to pay the entire claim and subsequent breach of Franco’s policy. State Farm answered and raised various affirmative defenses, including that the bills which were sued upon were unreasonable, unnecessary or unrelated to the accident, represented treatment that was unlawfully rendered and not ordered, and that Universal did not provide any treatment, service or accommodation to Franco.
At trial, Dr. Carlos D. Carranza, Universal’s office manager and a licensed medical doctor, testified that he recommended that Franco receive a course of physical therapy. A number of medical assistants, all of whom were unlicensed physical therapists, performed a number of tasks that included the application of hot packs, electrical muscle stimulations, ultrasound therapy treatments, and mechanical massages. Dr. Carranza testified that the medical assistants administered the physical therapy while he was present at the medical facility and under his supervision.
State Farm moved for directed verdict arguing that the services rendered were illegal because the medical assistants were unauthorized under Florida law to perform physical therapy. The trial court denied the motion. The jury subsequently returned a verdict in Universal’s favor finding that State Farm breached its insurance contract by failing to pay Universal for the medical services Universal rendered to Franco that were reasonable, necessary, and causally related to the auto accident. The jury awarded Universal $1,584.00. State Farm moved for rehearing ■ or for certification of question of great public importance, The trial court denied the motion for rehearing, entered its final judgment in Universal’s favor, and certified the following question to this Court:
Whether a person defined as a medical assistant under section 458.3485, Florida Statutes- (2001), but not licensed as a physical therapist under chapter 486, Florida Statutes (2001), may ‘lawfully render’ any of the physical therapy modalities enumerated in section 486.021(11), Florida Statutes (2001) for purposes of qualifying for. payment of assigned personal injury protection benefits under section 627.736(5)(a), Florida Statutes (2001).
We begin our discussion with chapter 458, Florida Statutes (2001), which governs “Medical Practice” and the medical assistant profession. Under section 458.3485(1), Florida Statutes (2001), a medical assistant is permitted to assist “in all aspects of medical practice under the direct supervision and responsibility of a physician.” Section 458.3485(2) specifically authorizes a medical assistant to assist “with patient examinations or treatments,” and section (d) .authorizes the medical assistant to operate “office medical equipment.” The medical assistant is also authorized under the statute to perform a number of other medically related procedures not necessarily relevant here.
State Farm argues that the physical therapy performed on Franco was illegal because chapter 486, Florida Statutes (2001) specifically requires that type of therapy to be performed by licensed physical therapists and the therapists who performed the therapy were unlicensed. We do not agree with State Farm’s position.
Section 486.021(11) describes the practice of physical therapy as:
[T]he performance of physical therapy assessments and the treatment of any disability, injury,. disease, or other health condition ... or the prevention of such disability, injury, disease, or other condition of health, and rehabilitation ... by the use of radiant energy, includ *560 ing ultraviolet, visible, and infrared rays; ultrasound; water; the use of apparatus and equipment in the application of the foregoing or related thereto.
Section 486.161 requires the physical therapists to be licensed, unless the physical therapists are exempt pursuant to section 486.161(1) which provides as follows:
No provision of this chapter shall be construed to prohibit any person licensed in this state from using any physical agent as a part of, or incidental to, the lawful practice of her or his profession under the statutes applicable to the profession of chiropractic physician, podiatric physician, doctor or medicine, massage therapist, nurse, osteopathic physician or surgeon, occupational therapist, or naturopath. (Emphasis added).
The physical therapy the medical assistants performed in this case fell within the scope of the exemption outlined in section 486.161(1) as physical therapy “incidental to” the practice. In fact, the relevant language of chapter 486 clearly allows licensed physical therapists to assist with patient examinations and treatment, and also allows them to operate medical equipment. The physical therapy modalities performed also fell within the common practice of chiropractic medicine, osteopathic medicine, podiatric medicine, allo-pathic medicine, and massage therapists.
Furthermore, whether or not these medical assistants were licensed is of no consequence under section 486.161(1). The health care profession routinely delegates to licensed, as well unlicensed, employees the performance of duties similar to or the same as the duties the medical assistants performed in this case. The physical therapy modalities at issue here, the application of hot packs, electrical muscle stimulators, ultrasound therapy devices, and mechanical massage, all involved either relatively simple modalities performed to assist the physician with patient treatments or the use of standard medical equipment. The modalities and the use of the medical equipment are also deemed to fall within the ordinary and customary practice of the respective supervising physician.
Similarly, whether or not the physical therapy the medical assistants performed fell within the scope of the supervising physician’s practice is a determination properly left for the respective licensing boards of medicine that discipline physicians for the physician’s improper delegation of duties. Each of the health care physician’s professions has a regulatory body or licensing board that regulates the conduct of the physicians and sets forth minimum standards for their licensure and practice. These regulatory agencies are numerous and they act consistently with the legislative purpose underlying the creation of the Department of Health’s Division of Medical Quality Assurance which is responsible for a number of boards and professions. See § 20.43(3)(g), Fla. Stat. (2003). These regulatory agencies include The Board of Medicine, The Board of Osteopathic Medicine, The Board of Chiropractic Medicine, The Board of Podiatric Medicine, The Board of Massage Therapy, and The Board of Physical Therapy Practice, and are thus responsible for the determination of whether a medical assistant validly performs physical therapy modalities. See §§ 20.43(3)(g)(2)-(5), (21), (26), Fla. Stat. (2003).
Finally, we note that for years the insurance companies in this state have been paying for the modalities rendered by medical assistants under personal injury protection benefits. As this case is basically a coverage issue, we may look to the custom and usage in the industry to support our decision today. See Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 36 *561 (Fla.2000), citing National Merck. Co. v. United Serv. Auto. Ass’n, 400 .So.2d 526, 580 (Fla. 1st DCA 1981) (when a court interprets insurance policy language, the court may consider established custom and usage in the insurance industry). ■
We therefore affirm the final judgment, and answer the certified question in the affirmative.

. We consider the motion for rehearing en banc and/or for certification to the Florida Supreme Court to be moot.